UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MIGUEL RIVERA, ET AL.,  \*
    Plaintiffs,  \*
                                      \*
        v.                    \*        CIVIL NO. 96-2577(PG)
                                      \*
CORPORATION FOR THE RURAL  \*
DEVELOPMENT OF PUERTO RICO  \*
ET AL.,  \*
    Defendants.  \*

### **OPINION AND ORDER**

The matter before the Court is defendant's Corporación for the Rural Development of Puerto Rico, motion for attorney's fees. (Docket No. 33). Plaintiffs have opposed defendant's motion. (Docket No. 36).

Plaintiffs, Miguel Rivera his wife and their conjugal partnership, filed this action alleging that defendants violated Rivera's right under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The case was called for jury trial and after plaintiff rested his case, the Court granted defendant's motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. Judgment was entered dismissing the case.

Defendant as the prevailing party in this ADEA case alleges it is entitled to attorneys' fees through the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In support thereof, it cites EEOC v. Clay Printing, 13 F.3d 813 (4th Cir. 1994). Plaintiffs opposed





Civil No. 96-2577(PG)                                                   Page 2

defendant's request arguing that the <u>Clay Printing</u> case is inapposite.

The attorney's fees scheme provided in the EAJA applies to prevailing defendants in ADEA cases involving the United States. <u>EEOC v. Complete Dewatering, Inc.</u>, 16 F.Supp. 2d 1362, 1368 (S.D. Fla. 1998). In <u>Clay Printing</u>, the EEOC, a government agency brought an unsuccessful suit under the ADEA. This case does not involve the United States or its' agency therefore the EAJA is not applicable. <u>See</u> <u>Colbert v. Yadkin Valley Telephone Membership Corp.</u>, 960 F.Supp. 84, 85 (M.D.N.C. 1997).

However, attorneys' fees have been imposed on plaintiffs in an ADEA case under the common law exceptions to the American Rule. <u>See</u> <u>Bennet v. Coors Brewing Co.</u>, 189 F.3d 1221, 1238 (10th Cir. 1999); <u>Hoover v. Arinco, Inc.</u>, 915 F.2d 355 (8th Cir. 1990), <u>cert. denied</u>, 499 U.S. 961 (1991); <u>Gray v. New England Tel. & Tel. Co.</u>, 792 F.2d 251, 260 n.1 (1st Cir. 1986) ("Under ADEA an award of attorney's fees is only authorized for plaintiffs. However defendants may obtain fees under <u>Alyeska</u>").

Under the American Rule, each party is required to bear the cost of his or her own attorney's fees absent explicit congressional authorization to the contrary. <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 249-50 (1975). One exception to the American Rule is that a court may award attorney's fees if the losing

AO 72A
(Rev.8/82)

Civil No. 96-2577(PG)            Page 3

party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska, 421 U.S. at 258-59. See also Cote v. James River Corp., 761 F.2d 60, 61 (1st Cir. 1985).

In order to prevail on its motion for attorney's fees, defendant, the moving party, bears a heavy burden in establishing bad faith and the Court must exercise this power sparingly. Singer v. Uni-Marts, Inc., 1985 W.L. 351, at 3 (W.D. Penn. 1985) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980). See also Whitney Bros. Inc., v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995).

In support of its motion, defendant's only allegation is that "plaintiff knew he was not in the protected class when the action was filed based on 29 U.S.C., Section 631(a)..." However, plaintiff, indeed, was within the protected age group established by ADEA at the time the alleged discrimination took place. Thus, defendant has failed to establish that plaintiffs acted in bad faith, vexatiously,[1] wantonly or for oppressive reasons.

In view of the above, the Court hereby **DENIES** Defendant's Motion For Attorney's Fees. (Docket No. 33).

    **IT IS SO ORDERED.**

---

[1] "[T]he term vexations means that the losing party's actions were frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Local 285, Service Employees Int. Union, Afl-Cdo v. Nonotuck Resource Associates Inc., 64 F.3d 735, 737 (1st Cir. 1995) (Internal quotations and citations omitted).

Civil No. 96-2577(PG)                                              Page   4

San Juan, Puerto Rico  September   29 , 2000.


                                              _____
                                              JUAN M. PEREZ-GIMENEZ
                                              U.S. District Judge